Ron S. Brand, SBN 224809
JACKSON TIDUS
A Law Corporation
2030 Main Street, Suite 1200
Irvine, California 92614
Telephone:  (949) 752-8585
Facsimile:   (949) 752-0597
Email:        rbrand@jacksontidus.law

Attorneys for Defendant
GLOBAL EXPERIENCE SPECIALISTS,
INC., a Nevada Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| FREEMAN EXPOSITIONS, INC., a Texas Corporation, | CASE NO.:  8:17-CV-00364-CJC-JDE |
| Plaintiff, | |
| vs. | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| GLOBAL EXPERIENCE SPECIALISTS, INC., a Nevada Corporation, and DOES 1-50, | |
| Defendants. | Date:          April 24, 2017 |
| | Time:          1:30 p.m. |
| | Courtroom:  9B, 9th Floor |
| | (Removed From Orange County Superior Court, Case No. 30-2017-00905422) |
| | Complaint Filed: February 24, 2017 |

1348787.1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................... 5

II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY ..................... 6

III.    LEGAL STANDARD ............................................................................... 8

IV.    LEGAL ARGUMENT ............................................................................. 8

    A.    The Court Should Decline Declaratory Relief Jurisdiction In
           Deference To The Nevada Action ..................................................... 8

           1.    The enforceability and validity of the Non-Competition
                    Agreement can be better settled in the Nevada Action ............. 9

           2.    If the Nevada Preliminary Injunction ultimately becomes
                    a judgment, it would be entitled to "full faith and credit"
                    in California courts .................................................................. 13

    B.    The Forum-Selection Clause Is Valid And Does Not Violate
           Any California Public Policy, And Should Therefore Be
           Enforced ......................................................................................... 14

           1.    Although Freeman is not a party to the Non-Competition
                    Agreement, it still should be bound to the forum-selection
                    clause ...................................................................................... 15

           2.    The forum-selection clause is presumptively valid ................. 17

           3.    The forum-selection clause does not violate California
                    public policy .......................................................................... 17

    C.    Even If The Court Does Not Decline Declaratory Relief
           Jurisdiction In Deference To The Nevada Action and Does Not
           Enforce The Forum-Selection Clause, Nevada Law Should be
           Applied ........................................................................................... 19

V.     CONCLUSION ..................................................................................... 22

1348787.1

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Abdul-Jabbar v. General Motors Corp.*,
85 F.3d 407 (9th Cir. 1996) ..................................................................... 8

*Adickes v. S. H. Kress & Co.*,
398 U.S. 144 (1970) ................................................................................ 8

*Ameritas Variable Life Ins. Co. v. Roach*,
411 F.3d 1328 (11th Cir. 2005) ............................................................ 11

*Application Grp., Inc. v. Hunter Grp., Inc.*,
61 Cal. App. 4th 881 (1998) ............................................................ 20, 21

*Baker by Thomas v. Gen. Motors Corp.*,
522 U.S. 222 (1998) .............................................................................. 14

*Brillhart v. Excess Ins. Co. of Am.*,
316 U.S. 491 (1942) ...........................................................9, 10, 12, 21

*Chamberlain v. Allstate Ins. Co.*,
931 F.2d 1361 (9th Cir. 1991) ..........................................................9, 12

*DeFeo v. Procter & Gamble Co.*,
831 F. Supp. 776 (N.D. Cal. 1993) ....................................................... 10

*Egelston v. State University College at Geneseo*,
535 F.2d 752 (2d Cir. 1976) ................................................................... 8

*Flake v. Medline Indus., Inc.*,
882 F. Supp. 947 (E.D. Cal. 1995) ....................................................... 18

*Google, Inc. v. Microsoft Corp.*,
415 F. Supp. 2d 1018 (N.D. Cal. 2005) ....................................10, 12, 13

*Harrah's Club v. Van Blitter*,
902 F.2d 774 (9th Cir. 1990) ........................................................... 13, 14

*Harrison v. Synthes USA Sales, LLC*,
2013 WL 1007662 (E.D. Cal. Mar. 13, 2013) ..................................... 11

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*,
538 F.2d 180 (8th Cir. 1976) ................................................................. 8

*LeFebvre v. Syngenta Biotechnology, Inc.*,
2008 WL 5245056 (N.D. Cal. Dec. 15, 2008) ..................................... 15

*Mahoney v. Depuy Orthopaedics, Inc.*,
2007 WL 3341389 ........................................................................... 14, 17

*Manchester v. Arista Records, Inc.*,
1981 U.S. Dist. LEXIS 18642 (C.D. Cal. 1981) ................................. 17

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
      858 F.2d 509 (9th Cir. 1988) ................................................................... 18

*Marcelo v. Ivy Ventures, LLC*,
      2010 U.S. Dist. LEXIS 134333 (N.D. Cal. Dec. 9, 2010) .......................... 10, 11

*Meggitt San Juan Capistrano, Inc. v. Yongzhong*,
      575 F. App'x 801 (9th Cir. 2014) ............................................................ 15, 16

*Multimin USA, Inc. v. Walco International, Inc.*,
      2006 WL 1046964 (E.D. Cal. Apr. 11, 2006) ........................................... 17

*Nedlloyd Lines B.V. v. Superior Court*,
      3 Cal. 4th 459 (1992) ............................................................................. 19

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
      656 F.3d 966 (9th Cir. 2011) ................................................................... 9

*Sarlot-Kantarjian v. First Pennsylvania Mortg. Trust*,
      599 F.2d 915 (9th Cir. 1979) ................................................................... 19

*Sarnoff v. Ciaglia*,
      165 F.2d 167 (3d Cir. 1947) .................................................................... 8

*Schmitt v. JD Edwards World Solutions Co.*,
      2001 U.S. Dist. LEXIS 1089 (N.D. Cal. 2001) ......................................... 10

*Smith v. Superior Court*,
      41 Cal. App. 4th 1014 (1996) .................................................................. 13

*Spradlin v. Lear Siegler Mgmt. Servs. Co.*,
      926 F.2d 865 (9th Cir. 1991) ................................................................... 18

*Swenson v. T-Mobile USA, Inc.*,
      415 F. Supp. 2d 1101 (S.D. Cal. 2006) .......................................... passim

**STATUTES**

28 U.S.C.A. § 2201(a) (West) .......................................................................... 9

Cal. Bus. & Prof. Code section 16600 ................................................... 8, 10, 19

Cal. Bus. & Prof. Code section 17200 ........................................................ 8, 19

U.S. Const. art. IV, § 1 ..................................................................................... 13

1348787.1

## I.     INTRODUCTION

Through its Motion for Partial Summary Judgment ("***Motion***"), Plaintiff Freeman Expositions, Inc., a Texas Corporation *("**Freeman**"*) is improperly attempting to invalidate a non-competition agreement governed by Nevada law and voluntarily entered into by Landon Shores ("***Shores***") while he was a resident of Nevada.   Shores is an individual formerly employed by defendant Global Experience Specialists, Inc., a Nevada corporation ("***GES***"), who only very recently became employed by Freeman in California.

The Court should deny the Motion and dismiss or stay this action in favor of the action brought by GES against Shores in the District Court, Clark County, State of Nevada (the "***Nevada Action***").   On March 22, 2017, the court in the Nevada Action entered a preliminary injunction against Shores and has already held that the non-competition agreement at issue both in this action and in the Nevada Action is valid and enforceable.   By issuing declaratory relief in this action, the Court (1) would be needlessly determining issues of state law, (2) would essentially render the preliminary injunction entered in the Nevada Action null and void, (3) would be helping Shores avoid the preliminary injunction entered in the Nevada Action, and (4) would be furthering duplicative litigation.   Therefore, it would be uneconomical and vexatious for the Court to issue declaratory relief in this action.

The Court should also deny the Motion and dismiss or stay this action because the forum-selection clause contained in the non-competition agreement at issue both in this action and in the Nevada Action is valid and enforceable.   By issuing declaratory relief in this action, the Court would essentially render the forum-selection clause null and void, thereby depriving GES of the benefit of the bargain it made with Shores.

///

///

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

GES hired Shores in June of 2013 as a sales associate in Nevada. (Defendant's Statement of Genuine Disputes of Material Facts in Opposition to the Motion ("**Statement of Facts**") No. 3.)   At that time he was a resident of Nevada. (Statement of Facts No. 42.)   On or about September 12, 2016, Shores executed the Confidentiality and Non-Competition Agreement (the "**Non-Competition Agreement**").   (Statement of Facts No. 4.)   Section 7.6 of the Non-Competition Agreement provides:

> This Agreement shall be governed by the laws of the State of Nevada. The parties acknowledge that the federal or state courts of Nevada constitute the exclusive proper forum for resolution of any dispute arising out of or in connection with this Agreement.   The parties consent to the exercise of jurisdiction over them by such courts.

(Statement of Facts No. 7.)   On January 6, 2017, Shores provided GES with his resignation and two weeks' notice.   (Statement of Facts No. 13.)   Shores lived in Nevada until January 23, 2017, at which time he moved to California.   (Statement of Facts No. 26.)

On February 2, 2017, Shores began working for Freeman in its Anaheim office.   (Statement of Facts No. 27.)

On February 7, 2017, GES served Shores with a Complaint and Motion for Preliminary Injunction that it filed in the Nevada Action.   (Statement of Facts No. 32.)

On February 24, 2017, Freeman filed its Complaint in the Superior Court of the State of California, County of Orange.   (Statement of Facts No. 34.)   A few days later, on February 28, 2017, Freeman filed an *ex parte* application for a temporary restraining order.   On that same day GES removed this action to federal court, thereby taking the state court hearing off calendar.

On March 6, 2017, the court in the Nevada Action held a hearing on GES' Motion for a Preliminary Injunction.   (Statement of Facts No. 47.)   At the hearing

the court specifically asked Shores' attorney, Mark M. Jones, "which states' law would be applicable from his standpoint." (Statement of Facts No. 48.)  Mr. Jones answered by stating: "We're arguing **Nevada law**, Your Honor." (Statement of Facts No. 48 (emphasis added).)  Moreover, at the hearing, Mr. Jones asserted that Freeman had filed this action to enjoin enforcement of the Non-Competition Agreement and asked the court in the Nevada Action to delay its ruling for one week to allow this Court to rule on Freeman's *ex parte* application for a temporary restraining order.  (Statement of Facts No. 49.)  The court in the Nevada Action rejected Mr. Jones' request, and ultimately granted GES' Motion for a Preliminary Injunction.  (Statement of Facts No. 49.)

On March 10, 2017, this Court entered an order denying Freeman's *ex parte* application for a temporary restraining order.  GES obtained a $100,000 TRO/Temporary Injunction Bond in the Nevada Action on that same day and then filed a Notice of Posting Bond on March 23, 2017.  (Statement of Facts Nos. 50 and 52.)

On March 22, 2017, the court in the Nevada Action entered a Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Preliminary Injunction (the "*Nevada Preliminary Injunction*"). (Statement of Facts Nos. 41 and 51.)   As set forth in the Nevada Preliminary Injunction, the court made the following preliminary conclusions of fact and law: (1) The Non-Competition Agreement is governed by Nevada law; (2) the duration of the Non-Competition Agreement is reasonable; (3) the scope of the prohibited competitive conduct is reasonable; and (4) the nationwide geographic scope of the Non-Competition Agreement is reasonable.  (Statement of Facts No. 53.)

On March 27, 2017, GES filed a Motion to Dismiss Plaintiff's Complaint or Stay the Proceedings under Federal Rule of Civil Procedure Rule 12(b)(1), (3) and (6).  The hearing on GES' motion is scheduled for April 24, 2017 at 1:30 p.m.

///

## III.   LEGAL STANDARD

Under federal procedural law, the moving party in a motion for summary judgment has the burden of making a sufficient showing that the claim is entirely without merit.  If the moving party fails to do so, the motion must be denied.  *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 184-85 (8th Cir. 1976) (the summary judgment movant bears the burden of showing the absence of material issues of fact and all reasonable factual inferences must be made in favor of the non-moving party); *Abdul-Jabbar v. General Motors Corp.,* 85 F.3d 407, 413 (9th Cir. 1996) (trial court improperly entered summary judgment when there were remaining factual issues). Furthermore, the evidence must be construed in the light most favorable to plaintiff as the non-moving party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598 (1970) (the evidence put forth for the summary judgment motion must be viewed in the light most favorable to the non-moving party).  Summary judgment is a drastic remedy and should be sparingly granted.  *Egelston v. State University College at Geneseo*, 535 F.2d 752, 754–55 (2d Cir. 1976) (summary judgment is a drastic remedy and should be used infrequently).  Summary judgment is not proper if there are triable issues of fact remaining.  *Sarnoff v. Ciaglia*, 165 F.2d 167, 168-69 (3d Cir. 1947) (trial court should not have granted summary judgment when the affidavits showed that there were disputed issues of material fact).

## IV.   LEGAL ARGUMENT

### A.   The Court Should Decline Declaratory Relief Jurisdiction In Deference To The Nevada Action

Freeman's request for a declaratory judgment rests entirely on the argument that the Non-Competition Agreement violates California public policy, as embodied in California Business and Professions Code section 16600 (*"Section 16600"*) and California Business and Professions Code section 17200 (*"Section 17200"*).

For the reasons set forth below, the Court should deny the Motion and dismiss the Complaint's First Cause of Action or stay this action in deference to the earlier-filed Nevada Action, which also involves the validity and enforceability of the Non-Competition Agreement.

**1.    The enforceability and validity of the Non-Competition Agreement can be better settled in the Nevada Action**

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party" seeking a declaration.  28 U.S.C.A. § 2201(a) (West).  Based on the permissive nature of the Declaratory Judgment Act, the Supreme Court in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) ("***Brillhart***") held that a district court has discretion to dismiss a federal declaratory judgment action when "the question in controversy . . . can be better settled in a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart*, 316 U.S. at 495).

In *Brillhart*, the Supreme Court held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law . . . ." See *Brillhart*, 316 U.S. at 495; see also *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)  ("[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court.").

The Supreme Court has articulated three factors that district courts should consider when examining the proprietary of entertaining a declaratory judgment action, such as this action: (1) avoiding needless determination of state law issues; (2) discouraging forum shopping; and (3) avoiding duplicative litigation. *Brillhart*, 316 U.S. at 495.

1348787.1

Based on the factors delineated in *Brillhart,* California federal courts have consistently rejected attempts by plaintiffs to obtain declaratory relief regarding non-competition agreements under California law (including under Section 16600) when, as here, a state court action is pending elsewhere regarding the validity, enforceability and breach of the very same agreements.  Indeed, California federal courts routinely dismiss or stay proceedings in deference to parallel state court actions involving the validity, enforceability and breach of the exact same non-competition agreements.  *Marcelo v. Ivy Ventures, LLC*, 2010 U.S. Dist. LEXIS 134333, at \*\*18-20 (N.D. Cal. Dec. 9, 2010) (denying motion to enjoin parallel state court proceedings in Virginia regarding Virginia company's enforcement of restrictive covenants against former employee residing in California); *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1019–20 (N.D. Cal. 2005) (staying California action for declaratory relief in favor of former employer's first-filed action in Washington for breach of employment contract and tortious interference with contractual relations) ("***Google, Inc.***"); *Schmitt v. JD Edwards World Solutions Co.,* 2001 U.S. Dist. LEXIS 1089, at \*\*6-8 (N.D. Cal. 2001) (dismissing declaratory action by California resident in favor of former employer's action to enforce restrictive covenants, filed in Colorado, because plaintiff in California "simply wanted to wrest the choice of forum away from the allegedly aggrieved party"); *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993) (dismissing California declaratory judgment action, even though filed one day before Ohio state court action by former employer, because "were this court to proceed, it would be making needless decisions of state law, rewarding forum shopping, and engaging in duplicative litigation"); *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006) (dismissing California declaratory judgment action in favor of former employer's first-filed state court action in Washington to enforce non-competition agreement) ("***Swenson***"); *Harrison v. Synthes USA Sales, LLC*, No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662 (E.D.

Cal. Mar. 13, 2013) (dismissing a declaratory judgment action seeking to declare non-competition and non-solicitation provisions in two agreements unlawful restraints of trade under California law in deference to a later-filed Pennsylvania state court action involving alleged breaches of the same provisions and a forum-selection clause selecting Pennsylvania as the forum).

These decisions all recognize the basic precepts that a federal court should decline to issue declaratory relief if doing so "would 'needlessly determine issues of state law,' help a party 'avoid state court proceedings,' or cause 'duplicitous litigation.'" *Marcelo*, 2010 U.S. Dist. LEXIS 134333, at *20 (citations omitted). Furthermore, the fact that the court in the Nevada Action has already issued the Nevada Preliminary Injunction favors dismissal since retaining federal jurisdiction and issuing a declaratory judgment would improperly encroach on state jurisdiction that the court in the Nevada Action has already exercised.[1]  See *Harrison*, 2013 WL 1007662, at *4; see also *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (listing among the pertinent factors "whether the use of a declaratory action would increase the friction between our federal and state courts" and affirming district court's dismissal because the "district court gave appropriate consideration to . . . the traditional concepts of federalism, efficiency, and comity.").

The *Swenson* case is instructive and directly on point.  In that case, T-Mobile's COO, Swenson (a California resident), signed employment agreements with T-Mobile that included one year non-compete provisions, a choice-of-law provision in favor of Washington law, and a forum-selection clause in favor of the state or federal courts of Washington.  *Swenson*, 415 F. Supp. 2d at 1102–03. When Swenson resigned to join a California competitor, T-Mobile filed suit in

---

[1] As stated previously, the court in the Nevada Action concluded, preliminarily, that (1) The Non-Competition Agreement is governed by Nevada law; (2) the duration of the Non-Competition Agreement is reasonable; (3) the scope of the prohibited competitive conduct is reasonable; and (4) the nationwide geographic scope of the Non-Competition Agreement is reasonable.

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Washington state court to enforce the covenants.  Swenson then filed a declaratory relief action against T-Mobile in California state court, which T-Mobile removed to federal court.  Thereafter, the Washington state court relied upon Washington law in entering injunctions against Swenson.  In the California federal action, Swenson filed a summary judgment motion, and T-Mobile filed a motion to dismiss, stay or transfer the action to a Washington federal court.  *Id.* at 1103.  The court in the California federal action dismissed the declaratory judgment action because it determined that "under *Brillhart,* [it] would be needlessly determining issues of state law, would be helping Swenson avoid state court proceedings, and would be furthering duplicative litigation if it heard the merits of this case." *Id.* at 1106.

The *Google, Inc.* case is also instructive and directly on point.  In *Google, Inc.*, an executive entered into an employment agreement with Microsoft containing a covenant not to compete, a choice-of-law provision in favor of Washington law, and a forum-selection clause in favor of Washington courts.  On the day the Microsoft executive resigned in order to join Google, Microsoft filed an action in Washington state court against the employee and Google.  Three days later, Google and the employee filed a declaratory relief action in California state court, which Microsoft removed to federal court.  Thereafter, the Washington state court entered injunctions against the former employee and Google.  Microsoft filed a motion to dismiss, stay or transfer the California federal action in favor of the first-filed Washington state action.

Noting that "when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court" (quoting *Chamberlain*, 931 F.2d at 1366-67 (emphasis added)), the court stayed the California action pending the outcome of the Washington action.  *Id.* at 1020-21.  As in *Swenson*, the *Google, Inc.* court found that the choice-of-law arguments

advanced by the employee and Google could be made in the Washington state action. *Id.* at 1022.

Freeman filed this action to have the Non-Competition Agreement dealt with in a California federal court under California law, despite the fact that the Nevada Action presents the exact same issues as this action: the validity and enforceability of the Non-Competition Agreement under state law. By issuing declaratory relief, the Court (1) would be needlessly determining issues of state law, (2) would essentially render the Nevada Preliminary Injunction null and void, (3) would be helping Shores avoid the Nevada Preliminary Injunction, and (4) would be furthering duplicative litigation. Therefore, it would be uneconomical and vexatious for the Court to issue declaratory relief in this action. As reflected by the holdings in *Swenson* and *Google, Inc.,* the arguments advanced by Freeman in this action can be easily made in the Nevada Action.

### 2. If the Nevada Preliminary Injunction ultimately becomes a judgment, it would be entitled to "full faith and credit" in California courts

If the Nevada Preliminary Injunction ultimately becomes a judgment, it would be entitled to "full faith and credit" in California courts. U.S. Const. art. IV, § 1. However, if the Court grants the Motion and declares the Non-Competition Agreement void and unenforceable, such a declaration would render any final judgment in the Nevada Action null and void and would violate the Full Faith and Credit Clause of the United States Constitution.

The Ninth Circuit has recognized "[i]t has long been established that a final judgment rendered under the laws of one state must be enforced by a sister state under the Full Faith and Credit Clause, **even though the underlying action may be against the public policy of the state in which enforcement is sought**." *Harrah's Club v. Van Blitter*, 902 F.2d 774, 777 (9th Cir. 1990) (footnote omitted and emphasis added) ("***Harris Club***"). In its Complaint, Freeman cites to *Smith v. Superior Court*, 41 Cal. App. 4th 1014, 49 Cal. Rptr. 2d 20 (1996) ("***Smith***") for

1348787.1

the proposition that "California courts do not enforce judgments granted by a court in another state, notwithstanding the U.S. Constitution's Full Faith and Credit Clause, if the injunction 'violates fundamental California public policy.'" (Brand Dec., Exhibit 1, ¶51.)  This is not true.  The "public policy" exception articulated in *Smith* is not only contrary to the holding in *Harrah's Club*, but is also contrary to the Supreme Court's decision in *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 118 S. Ct. 657, 139 L. Ed. 2d 580 (1998) where the Supreme Court unambiguously held that there is "**no roving 'public policy' exception to the full faith and credit due judgments.**" *Id.* at 233 (emphasis added).

California courts must enforce judgments granted by a court in another state, even if those judgments violate a California fundamental public policy. Accordingly, if the Nevada Preliminary Injunction becomes a final judgment on the merits, California courts would be required to enforce that judgment, and therefore the Court should deny the Motion.

## B.   **The Forum-Selection Clause Is Valid And Does Not Violate Any California Public Policy, And Should Therefore Be Enforced**

Even if the Court does not give deference to the earlier-filed Nevada Action, the Court should still deny the Motion and dismiss the Complaint's First Cause of Action, without prejudice, or stay this action based on the forum-selection clause contained in the Non-Competition Agreement.

Although Freeman attacks the Non-Competition Agreement, it completely ignores the forum-selection clause contained therein.   The Non-Competition Agreement, which is at the heart of the Complaint, specifically provides that the federal or state courts of Nevada constitute the exclusive proper forum for resolution of any dispute **arising out of or in connection** with the Non-Competition Agreement.  A forum-selection clause determines where the case will be heard; it is separate and distinct from which law will apply. *Mahoney v. Depuy Orthopaedics, Inc.*, No. CIVF 07-1321 AWI SMS, 2007 WL 3341389, at *8.

Accordingly, Freeman should have brought this action in a federal or state court in Nevada and made its choice-of-law arguments in that forum, and not in a federal or state court in California.

### 1.   Although Freeman is not a party to the Non-Competition Agreement, it still should be bound to the forum-selection clause

Freeman argues that it is not a party to the Non-Competition Agreement, and therefore the forum-selection clause is inapplicable to this action.[2]  This argument is a red-herring.  Freeman is a party interested under the Non-Competition Agreement since it is attempting to pursue a declaratory judgment action against GES based on the Non-Competition Agreement, and therefore it should be bound by the forum-selection clause.  See, e.g., *LeFebvre v. Syngenta Biotechnology, Inc.*, No. C 08-02732 JW, 2008 WL 5245056 (N.D. Cal. Dec. 15, 2008), *3-*5.  Moreover, Freeman cannot argue that the Non-Competition Agreement is void and unenforceable and at the same time distance itself from the forum-selection clause and argue that the forum-selection clause is inapplicable.  Freeman cannot have its cake and eat it too; if it is going to argue that the Non-Competition Agreement is void and unenforceable, then it is bound by the forum-selection clause contained in the Non-Competition Agreement.

Freeman's reliance on *Meggitt San Juan Capistrano, Inc. v. Yongzhong*, 575 F. App'x 801 (9th Cir. 2014) ("***Meggitt***") is misplaced.  In *Meggitt*, a company brought an action in federal court alleging that its former employee and competitor misappropriated its trade secrets in violation of the California Uniform Trade Secrets Act.   The company filed a motion for a preliminary injunction and expedited discovery, which the district court granted.  The employee appealed.

---

[2] It is very curious that Shores is not a party to this action.  Shores is a party to the Non-Competition Agreement and has the most to gain or lose should the Court issue declaratory relief.   GES suspects that Freeman filed this action without Shores in an improper attempt to circumvent the forum-selection clause contained in the Non-Competition Agreement.  The Court should not allow Shores to forum shop indirectly through this action and avoid compliance with the Nevada Preliminary Injunction.

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The court of appeal held that the forum-selection clause contained in employee's confidentiality agreement with the company's affiliate did not render venue improper or provide a basis for transfer of venue.   While the court noted that the company was not a party to the confidentiality agreement, and therefore not bound by the forum-selection, the court also noted that the forum selection clause did not encompass claims involving alleged misappropriation of trade secrets.   *Meggitt San Juan Capistrano, Inc.*, 575 F. App'x at 803.

The *Meggitt* case is clearly distinguishable from this case for two important reasons.   First, unlike in *Meggitt*, this action involves the validity and enforceability of a non-competition agreement that is the subject of an earlier-filed parallel state court action.   The court in *Meggitt* was not confronted with the situation, such as here, where an earlier-filed parallel state court already ruled on the validity and enforceability of a non-competition agreement.   The court in *Meggitt* was not tasked with determining whether to declare a non-competition agreement void and unenforceable in light of an earlier-filed state court action involving the exact same non-competition agreement.   Second, unlike in *Meggitt*, the forum-selection clause at issue in this action specifically encompasses claims involving the enforceability and validity of the Non-Competition Agreement.

At the end of the day, if Freeman's argument were correct, forum-selection clauses would be largely meaningless as it would depend on who actually filed the declaratory relief action: the employer that is not a party to the non-competition agreement containing a forum-selection clause or the employee who is a party to the non-competition agreement containing the forum-selection clause.   Indeed, individuals who are bound by a forum-selection clause contained in a non-competition agreement, such as Shores, could easily avoid the forum-selection clause by having his or her new employer file an action in a forum contrary to the forum-selection clause to declare the non-competition agreement unenforceable.   This is precisely what is happening in this action, and the Court should not allow

1348787.1

Shores to avoid the forum-selection clause by issuing the declaratory relief requested by Freeman.

### 2.    The forum-selection clause is presumptively valid

Forum-selection clauses "should be respected as the expressed intent of the parties." *Swenson*, 415 F. Supp. 2d at 1104.  They are presumptively valid and are enforceable unless the party challenging enforcement shows the clause is unreasonable under the circumstances.   *Id.*    A forum-selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence or overwhelming bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived" of his day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.  *Id.*

Freeman has not provided any evidence to show that the forum-selection clause was incorporated into the Non-Competition Agreement as a result of fraud, undue influence or overwhelming bargaining power.  Likewise, Freeman has not provided any evidence that it will be gravely difficult and inconvenient for Freeman to litigate its claims in Nevada.

### 3.    The forum-selection clause does not violate California public policy

Enforcing the forum-selection clause would not violate California's public policy against non-competition agreements.  Such an argument has been rejected by numerous California district courts.  These courts have consistently held that enforcement of a forum-selection clause itself does not contravene California's public policy against non-competition agreements.  *Swenson*, 415 F. Supp. 2d at 1104-05; *Mahoney*, 2007 WL 3341389, *8; *Multimin USA, Inc. v. Walco International, Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL 1046964 (E.D. Cal. Apr. 11, 2006), *17-*18; *Manchester v. Arista Records, Inc.,* 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. 1981), *15-*17.

Furthermore, there exists a strong policy in the Ninth Circuit favoring upholding forum-selection clauses, even where those clauses apply a non-California forum or law to a California party.  See *Flake v. Medline Indus., Inc.*, 882 F. Supp. 947, 949-50 (E.D. Cal. 1995) (enforcing Illinois forum-selection clause against California employee); see also *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (enforcing Saudi Arabia forum-selection clause because employee failed to come forward "with anything beyond the most general and conclusory allegations" of fraud and overreaching regarding the employment contract at issue).

Importantly, there is no indication that Nevada courts will not or cannot entertain Freeman's choice of law arguments, or that they cannot apply California law if it is determined that California law governs the Non-Competition Agreement.  See, e.g., *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 515 (9th Cir. 1988).  As articulated in numerous decisions, Freeman can make any choice-of-law arguments it wishes, so long as it brings these arguments in a federal or state court in Nevada.  In fact, as discussed previously, at the hearing on GES' Motion for Preliminary Injunction in the Nevada Action, Shores' attorney had an opportunity to argue that California law governed the Non-Competition Agreement. Instead, Shores' attorney argued that Nevada law governed the Non-Competition Agreement.  It defies logic for Shores, who is a party to the Non-Competition Argument, to argue that Nevada law applies, while at the same time Freeman argues in this action that California law applies.

The *Swenson* case is instructive and directly on point.  In that case, the California district court found the forum-selection clause enforceable and granted T-Mobile's motion to dismiss.  The court noted that "forum-selection clauses should be respected as the expressed intent of the parties" and "are prima facie valid and enforceable unless the party challenging enforcement shows the clause is unreasonable under the circumstances."  *Swenson*, 415 F. Supp. 2d at 1104.

(quotations and citations omitted). The court specifically rejected Swenson's argument that the forum-selection clause contravened California's strong public policy against noncompetition agreements. *Id.* Noting the distinction between forum-selection clauses and choice-of-law clauses, the court stated that "Swenson was free to, and in fact, did argue for the application of California law" in the Washington forum. *Id.* The court held that "[e]nforcement of the forum-selection clause . . . does not contravene a California policy as to forum." *Id.* at 1105.

C. **Even If The Court Does Not Decline Declaratory Relief Jurisdiction In Deference To The Nevada Action and Does Not Enforce The Forum-Selection Clause, Nevada Law Should be Applied**

Even if the Court does not decline declaratory relief jurisdiction in deference to the Nevada Action and does not enforce the forum-selection clause at issue, the Court should nevertheless apply Nevada law to the Non-Competition Agreement and deny the Motion. Freeman bills itself a California employer deserving the protection of California law, specifically under Section 16600 and Section 17200. As will be shown below, Freeman's argument is a red-herring designed to obfuscate the fact that Freeman is not a California corporation, is not headquartered in California and only has three offices in California.

In diversity cases, federal courts must apply the conflict-of-law principles of the forum state. *Sarlot-Kantarjian v. First Pennsylvania Mortg. Trust*, 599 F.2d 915, 917 (9th Cir. 1979). California has adopted the "modern, mainstream" approach of section 187 of the Restatement Second of Conflicts of Laws ("*Restatement*"). (See *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464–466, fns. 1 & 6, 834 P.2d 1148 (1992).) Under California law, the proper conflict-of-law analysis under the Restatement requires the following: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or whether there is any other reasonable basis for the parties' choice of law; (2) if either test is met, a court must next determine whether the chosen state's law is

1348787.1

contrary to a fundamental public policy of California; (3) if there is a fundamental conflict with California law, a court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue; and (4) if California has a materially greater interest than the chosen state, the choice of law should not be enforced.  (*Id.*; see *Application Grp., Inc. v. Hunter Grp., Inc.*, 61 Cal. App. 4th 881, 897-98, 72 Cal. Rptr. 2d 73 (1998) ("***Application Group***").)

Here, California does not have a materially greater interest than Nevada, the state chosen by GES and Shores to govern any dispute arising out of or in connection with the Non-Competition Agreement.  Freeman is a Texas corporation headquartered in Dallas, Texas.  (Statement of Facts Nos. 1 and 44.)    Freeman operates in numerous countries around the world, including the United States, Canada, the United Kingdom, Mexico, China, Singapore, Australia and New Zealand.  (Statement of Facts No. 45.)    Although Freeman does business in California, only three out of its 24 offices in the United States are located in California.  (Statement of Facts No. 46.)    Freeman can hardly be regarded as a "California employer."

On the other hand, GES is a Nevada corporation headquartered in Las Vegas, Nevada.  (Statement of Facts No. 43.)    GES also has a satellite office in Las Vegas.  (Statement of Facts No. 43.)    GES hired Shores while he was a resident of Nevada, and GES and Shores entered into the Non-Competition Agreement while Shores was still a resident of Nevada.   (Statement of Facts Nos. 3, 4 and 42.)    Shores has only been a resident of California for approximately three months, since January 23, 2017, and he only started working for Freeman on February 2, 2017.  (Statement of Facts Nos. 26 and 27.)    GES is a Nevada employer that deserves the protection of Nevada law, including protection of its right to enforce the Non-Competition Agreement.

///

Clearly, Nevada has a materially greater interest than does California in the application of its law to this dispute, and Nevada's interests would be more seriously impaired if its policy favoring the enforcement of reasonable non-competition agreements were subordinated to the policy of California prohibiting the enforcement of even reasonable non-competition agreements.

Freeman's reliance on *Application Group* is misplaced and distinguishable from this action for two reasons.  First, unlike in *Application Group* where a California **state** court was asked to determine the validity and enforceability of a non-competition agreement, here a California **federal** court is being asked to determine the validity and enforceability of a non-competition agreement under the **federal** Declaratory Judgment Act (as interpreted by *Brillhart* and its progeny) that is also the subject of an earlier-filed parallel state court action (in which that state court already determined, preliminarily, that the non-competition agreement is valid and enforceable).  Second, unlike in *Application Group* where the plaintiff was actually a California corporation with its headquarters in San Francisco and the defendant was an out-of-state employer, Freeman is not a California corporation, is not headquartered in California and only has three offices in California.  Accordingly, the *Application Group* court's desire to protect California employers from anticompetitive conduct by out-of-state-employers is simply not implicated here.

///

///

///

///

///

///

///

///

21

1348787.1

## V.   CONCLUSION

For the foregoing reasons, GES respectfully requests that the Court deny the Motion and dismiss the Complaint's First Cause of Action.   If the Court is disinclined to dismiss the Complaint's First Cause of Action, GES respectfully requests that the Court stay this action pending final resolution of the Nevada Action.


DATED:  March 31, 2017                    JACKSON TIDUS
                                          A Law Corporation



                                          By: /s/Ron S. Brand
                                          Ron S. Brand
                                          Attorneys for Defendant
                                          GLOBAL EXPERIENCE SPECIALISTS,
                                          INC., a Nevada Corporation