1  Colin H. Murray, State Bar No. 159142
2  Kevin D. Whittaker, State Bar No. 224700
   Benjamin R. Buchwalter, State Bar No. 301130
3  **BAKER & McKENZIE LLP**
4  Two Embarcadero Center, Suite 1100
   San Francisco, CA 94111-3802
5  Telephone:  + 1 415 576 3000
6  Facsimile:   + 1 415 576 3099
   Email:       Colin.Murray@bakermckenzie.com
7               Kevin.Whittaker@bakermckenzie.com
8               Ben.Buchwalter@bakermckenzie.com

9  Attorneys for Plaintiff
   FREEMAN EXPOSITIONS, INC.
10
                 UNITED STATES DISTRICT COURT
11
                CENTRAL DISTRICT OF CALIFORNIA
12
                      SOUTHERN DIVISION
13

14
   FREEMAN EXPOSITIONS, INC., a            Case No.  8:17-cv-00364-CJC-JDE
15 Texas Corporation,
                                           **PLAINTIFF'S OPPOSITION TO**
16              Plaintiff,                  **DEFENDANT'S MOTION TO**
                                           **DISMISS COMPLAINT OR STAY**
17      vs.                                 **THE PROCEEDINGS**

18                                          Date:      April 24, 2017
   GLOBAL EXPERIENCE                        Time:      1:30 p.m.
19 SPECIALISTS, INC., a Nevada             Crtrm:     9B, 9th Floor
   Corporation, and DOES 1-50,             Before:    The Hon. Cormac J. Carney
20
21              Defendants.

22

23

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

# TABLE OF CONTENTS

Page No.

I.      INTRODUCTION .................................................................................. 1

II.     RELEVANT FACTS .............................................................................. 2

    A.   GES Requires its Former Employees to Execute Non-Compete
        Agreements that it Seeks to Enforce in California.................................. 2

    B.   In January 2017, Shores Resigned from GES to Work for Freeman
        in California........................................................................................... 4

    C.   After Shores Resigned, GES Management Threatened and
        Intimidated Him in an Effort to Prevent Him from Working for
        Freeman ................................................................................................ 4

    D.   GES Obtained a Preliminary Injunction in Nevada State Court to
        Prevent Shores from Continuing to Work for Freeman in
        California .............................................................................................. 5

    E.   This Court Ordered Freeman to File for Partial Summary Judgment
        Due to "Serious Concerns About the Enforceability of the Non-
        Compete Agreement" ........................................................................... 7

III.    LEGAL STANDARD ........................................................................... 7

IV.     LEGAL ARGUMENT ........................................................................... 8

    A.   The Court Must Maintain Subject Matter Jurisdiction over this
        Matter ................................................................................................... 8

        1.   As a Non-Party to the Agreement at Issue, Freeman Cannot
            Be Bound by its Terms .................................................................. 8

        2.   The *Brillhart* Factors Weigh in Favor of Retaining
            Jurisdiction Because Freeman's Claims Are Based Only on
            California Law ............................................................................... 9

            a.   This Court's Determination of California Issues is
                Necessary, Not Needless ...................................................... 10

            b.   Freeman Has Not Engaged in Forum Shopping ................. 11

            c.   Exercising Jurisdiction Would Not Result in
                Duplicative Litigation .......................................................... 12

    B.   Retaining Subject Matter Jurisdiction is Necessary to Avoid
        Subordinating Freeman's Rights as a California Employer to
        Nevada Law ......................................................................................... 12

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

C.   If the Court Declines Jurisdiction, it should Remand to Superior Court Rather than Dismiss or Stay ........................................................ 14

D.   Staying this Action Would Unduly Prejudice Freeman .......................... 14

E.   Freeman's Complaint Adequately Pleads a Cause of Action for Intentional Interference with Contractual Relations .............................. 15

    1.   Freeman Is Not Obligated to Plead that GES's Conduct Was Independently Wrongful to State a Claim ................................... 15

    2.   Freeman Adequately Alleged that GES's Conduct Was Independently Wrongful ............................................................... 16

    3.   Freeman Adequately Pled All Required Elements to State a Claim for Intentional Interference with Contractual Relations ....................................................................................... 16

    4.   The Nevada Preliminary Injunction Is Not a Final Judgment and Does Not Restrain this Court's Jurisdiction .......................... 17

V.   CONCLUSION ................................................................................................ 17

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

# TABLE OF AUTHORITIES

**Page No(s).**

## Cases

*Application Grp. v. Hunter Grp. Inc.*,
  61 Cal. App. 4th 881 (1998) ..................................................................... 8, 10, 13, 14

*Argueta v. Banco Mexicano, S.A.*,
  87 F.3d 320 (9th Cir. 1996) ...................................................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................... 7

*Charter Oak Fire Ins. Co. v. Am. Home Assur. Co.*,
  No. 06-2779, 2006 U.S. Dist. LEXIS 81422 (N.D. Cal. Oct. 25, 2006)................ 11

*DeFeo v. Procter & Gamble Co.*,
  831 F. Supp. 776 (N.D. Cal. 1993) .......................................................... 11

*Empire Fire & Marine Ins. Co. v. Broom*,
  No. CIV. 05-0716, 2005 U.S. Dist. LEXIS 28272 (E.D. Cal.
  Nov. 16, 2005) ......................................................................................... 10, 12

*Flake v. Medline Indus., Inc.*,
  882 F. Supp. 947 (E.D. Cal. 1995) .......................................................... 13

*Google, Inc. v. Microsoft Corp.*,
  415 F. Supp. 2d 1018 (N.D. Cal. 2005)................................................... 10

*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) ................................................................. 9, 14

*Harrah's Club v. Van Blitter*,
  902 F.2d 774 (9th Cir. 1990) ................................................................... 17

*Harrison v. Synthes USA Sales, LLC*,
  No. 2:12-cv-2704, 2013 U.S. Dist. LEXIS 35020 (E.D. Cal. Mar. 13,
  2013) ........................................................................................................ 11

*Huth v. Hartford Ins. Co.*,
  298 F.3d 800 (9th Cir. 2002) ................................................................... 11, 14

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ........................................................................... 16

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

iii

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

*LeFebvre v. Syngenta Biotechnology, Inc.*,
No. C 08-2732, 2008 U.S. Dist. LEXIS 103914 (N.D. Cal. Dec. 15, 2008) ........................................................................................... 11, 12

*Manchester v. Arista Records, Inc.*,
No. 81-2134, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 15, 1981) ................................................................................................ 13

*Marcelo v. Ivy Ventures, LLC*,
No. C 10-04609, 2010 U.S. Dist. LEXIS 134333 (N.D. Cal. Dec. 9, 2010) ................................................................................................ 10

*Meggitt San Juan Capistrano, Inc. v. Nie Yongzhong*,
575 Fed. Appx. 801 (9th Cir. 2014) ........................................................ 8

*Multimin USA, Inc. v. Walco Int'l, Inc.*,
No. 06-0226, 2006 U.S. Dist. LEXIS 33624 (E.D. Cal. Apr. 11, 2006)................ 13

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2003) ........................................................... 7

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
50 Cal. 3d 1118 (1990) ................................................................. 16

*Philo v. Giftango LLC*,
No. 13cv0094, 2013 U.S. Dist. LEXIS 192574 (S.D. Cal. Feb. 7, 2013) ................................................................................................ 13, 14

*Quelimane Co. v. Stewart Title Guaranty Co.*
19 Cal. 4th 26 (1998) .................................................................. 15

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) .................................................... 14

*R.R. St. & Co. v. Transp. Ins. Co.*,
656 F.3d 966 (9th Cir. 2011) .......................................................... 14

*Schmitt v. JD Edwards World Solutions Co.*,
No. C 01-1009, 2001 U.S. Dist. LEXIS 7089 (N.D. Cal. May 18, 2001) ................................................................................................ 10

*Spradlin v. Lear Siegler Mgmt. Servs. Co.*,
926 F.2d 865 (9th Cir. 1991) .......................................................... 13

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

iv

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

*Swenson v. T-Mobile U.S., Inc.*,
　　415 F. Supp. 2d 1101 (S.D. Cal. 2006) .................................................................. 11

*Vasili v. ART Corp. Solutions, Inc.*,
　　No. CV 15-0741, 2015 U.S. Dist. LEXIS 90086 (C.D. Cal. July 10,
　　2015) ....................................................................................................................... 13

## **Statutes**

28 U.S.C. § 2201 (Declaratory Judgment Act) ............................................................. 9

Fed. R. Civ. P. Rule 8(a)(2) ......................................................................................... 7

Fed. R. Civ. P. Rule 12(b)(3) ....................................................................................... 7

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................... 7

Cal. Bus. & Prof. Code § 16600 ............................................................................ 12, 14

Cal. Bus. & Prof. Code § 17200 ..........................................................................*passim*

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Plaintiff Freeman Expositions, Inc. ("Freeman") respectfully submits its Opposition to Defendant Global Experience Specialists, Inc.'s ("GES") Motion to Dismiss Freeman's Complaint or Stay the Proceedings.

## I.    INTRODUCTION

If the Court allows Freeman's rights as a California employer to be subordinated to Nevada law, then out-of-state employers will acquire free reign to prevent and interfere with employee mobility within California.  In this case, the Court should prevent this violation of public policy and law by denying GES's Motion to Dismiss, or Stay.

Freeman is not, as GES puts it, "improperly attempting to invoke the Court's jurisdiction to invalidate a non-compete agreement."  To the contrary, Freeman simply seeks to uphold its rights as a California employer to hire the personnel of its choice and to maintain protection against non-compete agreements that violate California public policy.  In order to avoid subordinating California law to Nevada, this Court should retain subject matter jurisdiction over this case for the narrow purposes of: (1) determining issues of California law; (2) preventing the Nevada preliminary injunction's enforcement in California (but not Nevada, or the rest of the country) and (3) allowing Freeman to exercise its right to hire and employ talented personnel.

Because Freeman is not a party to the Nevada action, and given that this case only requires the application of California law, GES's argument that this case creates duplicative litigation of the same issues is wrong.  The Court in Nevada applied Nevada law per GES's contract with Shores.  Freeman asks this Court to apply California law to declare its rights to employ a California employee.  Staying the action would de facto require Freeman to keep Shores inactive for the remainder of the non-compete term.  Notwithstanding, even if this Court relinquished jurisdiction, it should remand the case back to state court, not dismiss or stay it.

In addition, the Court should not dismiss Freeman's claim for intentional interference of with contractual relations because Freeman has pleaded all the required

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

1  elements of this claim.  Notwithstanding, if the Court finds otherwise, Freeman

2  respectfully requests leave to amend.

3  **II.    RELEVANT FACTS**

4  **A.    GES Requires its Former Employees to Execute Non-Compete**
   **Agreements that it Seeks to Enforce in California**

5

6  Freeman is a Texas corporation with offices throughout California.  (Complaint

7  ¶1.)  GES is a Nevada corporation that provides technology, strategy, and logistics for

8  exhibitions, exhibits and events.  (Complaint ¶2.)

9  In June 2013, GES hired Nevada resident Landon Shores ("Shores") to work in

10  Nevada as a sales trainee.  (*Id.* at ¶9.)  In 2016, GES promoted Shores to a sales

11  manager position.  (*Id.*)  As a condition of his promotion, GES required Shores to

12  execute a Non-Compete Agreement that includes the following restriction:

13  Limited Restriction on Specific Competitive Employment.

14  For a period of twelve (12) months following the date of

15  termination of Employee's employment with the Company,

16  whether terminated voluntarily or involuntarily, whether

17  with or without cause, and whether or not Employee has or

18  alleges to have a claim against the Company, Employee

19  agrees that he/she **will not directly or indirectly compete**

20  **against the Company, whether as an employee,**

21  **consultant, or otherwise, by performing services on**

22  **his/her own behalf and/or on the behalf of any third**

23  **party that are competitive with and/or similar to the**

24  **services that Employee performed for the Company**

25  **during the last twelve (12) months of his/her employment**

26  **with the Company.** Without limiting the foregoing, this

27  restriction also applies to those parent companies, affiliates,

28  and subsidiaries of the Company's competitors, including

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

2

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

any successors or assigns whether now owned or purchased as a result of a stock and/or asset purchase, and/or acquired via merger or any other means during the term of this Agreement.

Employee recognizes and acknowledges that the Company conducts its business on an international basis and has customer and vendor accounts throughout the United States in which Employee will be involved. Therefore, **Employee agrees that a geographical restriction on competitive employment in the United States**, based on Employee's relationship and interaction with Company's clients on a national scale, Employee's involvement in show and exhibit planning for Company's clients, Employee's responsibility for financial and accounting analysis for client and show operations, Employee's access to the contract, contact, show and event planning, and financial information of the Company's clients, as well as Employee's access to the Company's Proprietary Information, Confidential Records, and Trade Secrets regarding the foregoing, is reasonable and necessary to protect the Company's legitimate business interests.  (Brand Decl. Exhibit 1.) (emphasis added.)

Additionally, the Non-Compete Agreement restricts Shores from directly or indirectly interacting with:

"[A]ny customer doing business with the Company or having had discussions with the Company's representatives **concerning the possibility of doing business** with the

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

3

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

Company during the twelve (12) months preceding [Shores'] termination of employment."  (*Id*.) (emphasis added.)

Finally, the Non-Compete Agreement contains both Nevada forum selection and choice of law provisions.  (Def. Motion to Dismiss, p. 6:7-11.)  Freeman alleges that GES requires nearly all of its employees to sign the same, or a substantially similar, Non-Compete Agreement that ultimately prevents GES's employees from working for Freeman in California.  (Complaint ¶16.)

**B.   In January 2017, Shores Resigned from GES to Work for Freeman in California**

On Friday January 6, 2017, Shores verbally provided his resignation and two week notice to Tom Page, GES's Director of Sales ("Page").  (*Id*. at ¶17.)  During this meeting, Shores informed Page that he intended to relocate to California and work for Freeman as a Senior Business Development Manager in Freeman's Anaheim office. (*Id*.)

**C.   After Shores Resigned, GES Management Threatened and Intimidated Him in an Effort to Prevent Him from Working for Freeman**

On Saturday January 7, 2017, Daniel Higgins, the Regional Vice President of Sales for GES and a resident of California ("Higgins"), called Shores to discuss Shores' resignation.  (*Id*. at ¶18.)  After Shores informed Higgins that he accepted employment with Freeman and planned to relocate to California, Higgins threatened Shores, saying that he "hope[d] [Shores] has enough money saved up to sit around and do nothing for a year."  (*Id*.)  Higgins also provoked Shores by saying, "[You] better not sign a lease" because GES intended to "sue [him] to make sure [Shores did] not work for Freeman" and that "[Shores] was going to be broke."  (*Id*.)  Higgins then went on to threaten that if Shores went through with the Freeman job, GES would seek an injunction in Nevada to prevent him from working in California for one year. (*Id*.)

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

4

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

Later in the evening of January 7, 2017, Jeff Quade, Chief Sales Officer for GES ("Quade"), called Shores to discuss his employment with Freeman.  (Complaint ¶20.)   According to Shores, Quade threatened him with legal action.  (*Id*.)  Quade said: "You are going to have no income for a year.  Do you have the funds to pay for that? . . . We are going to sue you personally, so it is going to be very expensive for you."  (*Id*.)  Quade then asked: "Do you really want to go down this road?  I see two different paths.  One path is to remain with GES and the other path is to go with Freeman and get sued and go broke.  It is a lot easier to get out of an offer letter than a non-compete agreement."  (*Id*.)

On Monday, January 9, 2017, Shores returned to GES's office to honor his two week notice, but Page escorted him out.  (*Id.* at ¶22.)  While escorting Shores out, Page intimidated him, saying, "If you think a sh*t storm is going on now, [it has] just started."  Page then demanded Shores' phone number and email address and told him that GES intended to file a restraining order.  (*Id.* at ¶23.)

**D.     GES Obtained a Preliminary Injunction in Nevada State Court to Prevent Shores from Continuing to Work for Freeman in California**

Shores moved to California and, on February 2, 2017, started working for Freeman in its Anaheim office.  (*Id.* at ¶27.)  Only five days later, GES served Shores in the lobby of Freeman's Anaheim office with a complaint and motion for preliminary injunction that it filed in Nevada state court.  (*Id.* at ¶28.)

On February 24, 2017, Freeman filed the underlying Complaint in this case against GES in Orange County Superior Court.   (Dkt. 6-2.)  Freeman asserts four causes of action: (1) for declaratory relief that the Non-Compete Agreement is invalid to the extent it is enforced in California or to restrain a California employer's ability to hire employees of its choice in California; (2) intentional interference with contractual relations; (3) unfair business practices under California Business and Professions Code § 17200; and (4) unlawful business practices under California Business and

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

5
PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

Professions Code § 17200.  On February 28, 2017, GES removed the case to this Court on the basis of diversity jurisdiction.  (Dkt. 6.)

On March 6, 2017, the Nevada court granted GES's motion for a preliminary injunction against Shores.  (Jones Decl. at ¶2)  Shores requested that GES agree to carve out California from the injunction so it would comply with California law.  (*Id.* at ¶2, Ex. A.)  In response, GES refused, stating, "GES is not willing to carve the State of California out of the injunction."  (*Id.*)  On March 22, 2017, the Nevada court entered an injunction preventing Shores from:

> soliciting or doing business with any person or entity that was a client of GES during the twelve month period preceding termination of Shores' employment with GES" and "performing services on his own behalf and/or on the behalf of any third party (**including but not limited to Freeman**) that are competitive with and/or similar to the services he performed for GES, including without limitation performing the following services, regardless of the title or designation of employment: securing trade show sales and services; representing himself or any third party to trade show management, exhibitors, association executives, convention managers, convention bureau staff, hotels and conference centers and subcontractors to create goodwill and secure business; seeking new business from meeting venues, hotels, associations, and companies with trade show events; coordinating with others for all phases of pre-show, on-site and post-show project management; preparing responses to requests for proposals; developing presentation materials for presentation to current and potential clients; and negotiating contracts.

(Buchwalter Decl. ¶2, Ex. A at 9:14-10:2) (emphasis added).

Remarkably, the injunction specifically identifies Freeman by name.  (*Id.*)  On

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA 94111
+1 415 576 3000

6

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

March 24, 2017, Shores appealed the Nevada Court's preliminary injunction and filed a Motion to Stay the Enforcement of the Preliminary Injunction Pending Appeal.  (*Id.* ¶3).  On March 30, 2017, the Nevada court granted a fifteen day stay so that Shores could petition the Nevada Supreme Court for a longer stay.  (*Id.*, Ex. B at 25:3-7.)  For the time being, the Nevada preliminary injunction prohibits Freeman from employing Shores as Senior Business Development Manager in California, unless this Court orders otherwise.

### E. This Court Ordered Freeman to File for Partial Summary Judgment Due to "Serious Concerns About the Enforceability of the Non-Compete Agreement"

On March 10, 2017, this Court denied Freeman's *ex parte* application for an order temporarily restraining enforcement of the Non-Compete Agreement.  (Dkt. 20.)  Notwithstanding, the Court ordered Freeman to file a Motion for Partial Summary Judgment on its claim for declaratory relief (*id.* at 10), which is set to be heard with this motion on April 24, 2017.  (Dkt. 30.)  In its Order, the Court noted that it had "serious concerns about the enforceability of the agreement due to its significant restraint on Mr. Shores' employment."  (Dkt. 20 at 10:6-7.)

## III. LEGAL STANDARD

"[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003).

In addition, to survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a cause of action in a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To satisfy this standard, the complaint must only "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

7

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

## IV.    LEGAL ARGUMENT

By applying all reasonable inferences and factual conflicts in favor of Freeman, GES's Motion to Dismiss, or Stay, should be denied because: (1) subject matter jurisdiction is appropriate, and (2) retaining subject matter jurisdiction avoids subordinating Freeman's rights as a California employer to inapplicable Nevada law. Notwithstanding, even if the Court relinquished subject matter jurisdiction, then the appropriate result would be to remand this action back to state court where it originated.  Moreover, staying this action would prejudice Freeman because it would not be able to use Shores during the life of the Nevada litigation.  Finally, Freeman's Complaint adequately pleads all required elements of a claim for intentional interference with contractual relations.

### A.    The Court Must Maintain Subject Matter Jurisdiction over this Matter

#### 1.    As a Non-Party to the Agreement at Issue, Freeman Cannot Be Bound by its Terms

California case law clearly holds that Freeman cannot be bound to a Nevada forum selection and choice of law provision in a contract to which it is not a party.  *See Application Grp. v. Hunter Grp. Inc.*, 61 Cal. App. 4th 881, 901 (1998) (holding that despite a Maryland choice of law provision in a non-compete agreement, California law applied to a non-party disputing the agreement's enforceability); *see also Meggitt San Juan Capistrano, Inc. v. Nie Yongzhong*, 575 Fed. Appx. 801, 803 (9th Cir. 2014) (finding that a forum selection clause cannot be enforced against a plaintiff that "was not a party to the agreement").

GES argues that the Court should ignore the law set forth in *Application Group* and *Meggitt*, citing *Brillhart v. Excess Insurance Company of America*, which established a presumption in favor of dismissal, or stay, of declaratory relief claims when an action involving similar issues is pending in another court. 316 U.S. 491 (1942).  Conveniently, however, GES omits the most significant part of *Brillhart*'s

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

holding.  The Supreme Court held that discretion to dismiss declaratory relief actions is maintained when "the questions in controversy . . . can be better settled in a pending state court proceedings" between the same parties.  316 U.S. at 495.  Not deviating from *Brillhart*, the Ninth Circuit held that "there is no presumption in favor of abstention in declaratory actions generally."  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) ("*Dizol*").  In other words, where different parties are involved in a pending state court action, there is no presumption to decline jurisdiction.  *See id*.  Unlike in *Brillhart*, Freeman and GES are not parties to an action pending in state.

Furthermore, in *Dizol,* the Ninth Circuit also found that a court should not "decline to entertain the claim for declaratory relief" when "other claims are joined with an action for declaratory relief."  *Id*.  In this case, Freeman's declaratory relief claim is joined with other claims, namely: intentional interference with contractual relations, unfair business practices in violation of Business & Professions Code § 17200, and unlawful business practices in violation of Business & Professions Code § 17200.  Consistent with the holdings in *Brillhart* and *Dizol*, the Court should maintain jurisdiction because no state action is pending between the parties and Freeman's declaratory relief claim is joined by other claims.

### 2.     The *Brillhart* Factors Weigh in Favor of Retaining Jurisdiction Because Freeman's Claims Are Based Only on California Law

In addition to the foregoing, the Ninth Circuit maintains that the following "*Brillhart* factors" shall be considered when determining whether to exercise jurisdiction under the Declaratory Judgment Act (codified at 28 U.S.C. § 2201): (1) avoidance of needless determination of state issues; (2) evidence of forum shopping; and (3) if retaining jurisdiction would result in duplicative litigation.  *Dizol*, 133 F.3d at 1225 (citing *Brillhart*, 316 U.S. at 495).  Each of these factors weighs in favor of retaining jurisdiction.

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

9

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

**a.   This Court's Determination of California Issues is Necessary, Not Needless**

Given that each of Freeman's claims seek to enforce its rights under California law, the Court's determination of these state claims is necessary, not, as GES puts it, "needless."  If this Court dismisses Freeman's complaint, California's public policy against enforcement of non-compete agreements will be subordinated to Nevada law. *Application Grp.*, 61 Cal. App. 4th at 901 (applying California law to a Maryland non-compete agreement because California's interest would otherwise be "subordinated to the policy of Maryland").

As argued in the preceding section, federal jurisdiction is not needless if there is no pending state claim that would resolve the issues before the court.  *Cf. Empire Fire & Marine Ins. Co. v. Broom*, No. CIV. 05-0716, 2005 U.S. Dist. LEXIS 28272, at *8 (E.D. Cal. Nov. 16, 2005) ("A federal declaratory action involves a needless determination of state law where the pending state court action will resolve the issue.").  Like Freeman, the plaintiff and defendant in *Empire Fire* were not parties to any separate state court action, and the court determined that this factor weighed against dismissal.  *See id.* at *8-9.  Because this case similarly involves separate and distinct claims, as well as parties, from the Nevada litigation, this factor favors retaining jurisdiction.

GES cites a slew of cases purporting to hold that courts should dismiss, or stay, proceedings in deference to parallel state court actions involving out-of-state non-compete agreements.  These cases are inapplicable because they each involve parties to the underlying contracts who were attempting to avoid their contractual obligations. *See Marcelo v. Ivy Ventures, LLC*, No. C 10-04609, 2010 U.S. Dist. LEXIS 134333 (N.D. Cal. Dec. 9, 2010) (involving an individual plaintiff who was party to the Virginia non-compete agreement); *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018 (N.D. Cal. 2005) (involving claims by Google and a former Microsoft vice president who was a party to the Washington non-compete agreement); *Schmitt v. JD*

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA 94111
+1 415 576 3000

10

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

*Edwards World Solutions Co.*, No. C 01-1009, 2001 U.S. Dist. LEXIS 7089 (N.D. Cal. May 18, 2001) (involving an individual plaintiff who was a party to the Colorado non-compete agreement); *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776 (N.D. Cal. 1993) (involving a former vice president of the defendant who was a party to the Ohio non-compete agreement); *Swenson v. T-Mobile U.S., Inc.*, 415 F. Supp. 2d 1101 (S.D. Cal. 2006) (involving an individual plaintiff who was party to the Washington non-compete agreement); *Harrison v. Synthes USA Sales, LLC*, No. 2:12-cv-2704, 2013 U.S. Dist. LEXIS 35020 (E.D. Cal. Mar. 13, 2013) (involving an individual plaintiff who was a party to the Pennsylvania non-compete agreement).

By contrast, Freeman is not a party to the underlying Nevada Non-Compete Agreement between GES and Shores. The cases cited by GES therefore have no basis on the Court's jurisdiction because not one addresses Freeman's unique status as a non-party to the underlying Non-Compete Agreement.

### b. Freeman Has Not Engaged in Forum Shopping

Freeman filed its Complaint in Orange County Superior Court to protect its statutory rights under California law.[1] Ninth Circuit case law is clear that filing a declaratory judgment action in state court is not evidence of forum shopping. *See, e.g.*, *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 804 (9th Cir. 2002) (affirming finding that preference for state resolution was not forum shopping); *Charter Oak Fire Ins. Co. v. Am. Home Assur. Co.*, No. 06-2779, 2006 U.S. Dist. LEXIS 81422, at *16-17 (N.D. Cal. Oct. 25, 2006) (finding that filing an action for declaratory relief in state court is not indicative of forum shopping). Because Freeman is not a party to the Nevada litigation and filed suit in California court to enforce its statutory rights, there is no evidence of forum shopping.

GES's reliance on *LeFebvre v. Syngenta Biotechnology, Inc.*, No. C 08-2732, 2008 U.S. Dist. LEXIS 103914 (N.D. Cal. Dec. 15, 2008) to argue that Freeman is

---

[1] GES incorrectly states that Freeman "filed this action in a California Federal court." Opposition at 13:17.

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA 94111
+1 415 576 3000

11

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

somehow bound by the Non-Compete Agreement fails.  Unlike here, *LeFebvre* did not involve a forum selection clause.  Instead, it involved a motion to remand for lack of diversity jurisdiction.  *Id.* at *1-2.  The court in *LeFebvre* remanded to California Superior Court after finding that the plaintiff-employee's new employer was not fraudulently joined.  *Id.* at *13-14.  In fact, the court found that "a new employer is entitled to pursue a declaratory judgment action against a former employer" under Business & Professions Code § 16600, adding that "California generally discourages covenants not to compete."  *Id.* at *11-12.  Despite GES's misplaced reliance on *LeFebvre,* it reaffirms that employers who seek to enforce their rights under California law in California are not culpable for forum shopping.

### c.   Exercising Jurisdiction Would Not Result in Duplicative Litigation

GES's Nevada complaint seeks to enforce the Non-Compete Agreement on a nationwide basis against Shores.  Freeman's Complaint, on the other hand, seeks declaratory relief that the Non-Compete Agreement is unenforceable in California.  In addition, it pleads three other claims arising under California statutes and common law.  There is, therefore, no danger of duplicative litigation because Freeman's Complaint is wholly distinct from the Nevada complaint.  *See Empire Fire*, 2005 U.S. Dist. LEXIS 28272, at *8-9 (finding no danger of duplicative litigation because the state court proceeding involved tort law and the federal action involved contractual obligations).

### B.   Retaining Subject Matter Jurisdiction is Necessary to Avoid Subordinating Freeman's Rights as a California Employer to Nevada Law

GES's attempt to enforce the forum selection clause against Freeman in California undermines the law and public policy.  A forum selection clause is unenforceable if it "would contravene a strong public policy of the forum in which the suit is brought."  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).  Courts within California routinely reaffirm the state's strong public policy against non-

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

compete agreements.  *See Application Grp.*, 61 Cal. App. 4th at 901 ("[S]ection 16600 reflects a 'strong public policy' of the State of California."); *see also Vasili v. ART Corp. Solutions, Inc.*, No. CV 15-0741, 2015 U.S. Dist. LEXIS 90086, at *29 (C.D. Cal. July 10, 2015) ("This protection against restraint of employment qualifies as a strong public policy in California.").

Moreover, the cases cited by GES do not hold that a forum selection clause in a non-compete agreement must be upheld with respect to a non-party California employer's claims under Business & Professions Code § 17200.  *See Multimin USA, Inc. v. Walco Int'l, Inc.*, No. 06-0226, 2006 U.S. Dist. LEXIS 33624 (E.D. Cal. Apr. 11, 2006) (addressing unfair competition and trademark claims, but not California's public policy against enforcement of out-of-state non-compete agreements); *Manchester v. Arista Records, Inc.*, No. 81-2134, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 15, 1981) (involving an individual's attempt to invalidate an employment agreement to which she was a party).

GES's citations for its argument that the Ninth Circuit demands enforcement of forum selection clauses are all individual plaintiff cases.  *See Flake v. Medline Indus., Inc.*, 882 F. Supp. 947 (E.D. Cal. 1995) (involving an individual plaintiff who was a party to the Illinois employment agreement); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865 (9th Cir. 1991) (involving an individual plaintiff who was a party to the Saudi Arabia employment agreement).  GES fails to cite a single case in which a non-party employer was bound by the forum selection clause in an agreement between an employee and his/her former employer, when the employee is not also named as a plaintiff.[2]

By contrast, the reasoning in *Philo v. Giftango LLC* is persuasive here because it involved claims by an employer that was not a party to the underlying non-compete

---

[2] GES's argument that Freeman can raise any choice of law arguments in the Nevada action have no bearing on whether the forum selection clause can be enforced against Freeman.  (*See* Dkt. 24-1 at 16-17.)  GES's conclusory allegations on this point do not change the fact that Freeman is not a party to the Non-Compete Agreement and therefore cannot be bound by the forum selection clause.

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

agreement under Business & Professions Code §§ 16600 and 17200.  No. 13cv0094, 2013 U.S. Dist. LEXIS 192574, at *3, 12 (S.D. Cal. Feb. 7, 2013).  In *Philo*, the court refused to enforce the forum selection clause because "the forum selection provision [was] not enforceable against Plaintiff employer because it violate[d] California's strong public policy that non-compete and non-solicitation covenants are not enforceable against employees." *Id.* at *12.  The holding in *Philo* is consistent with *Application Grp.*, 61 Cal. App. 4th at 901.  In this case, enforcement of the Nevada forum selection clause against Freeman would violate public policy.

### C.     If the Court Declines Jurisdiction, it should Remand to Superior Court Rather than Dismiss or Stay

Even if the Court elects not to exercise jurisdiction, the next appropriate course of action is to remand this action back to Orange County Superior Court, where Freeman initiated this action.  In applying *Brillhart* and *Dizol*, the Ninth Circuit remanded a case back to the original state court where retaining jurisdiction would have resulted in needless determination of state law.  *See Huth*, 298 F.3d at 802-03 (affirming remand to the district court in Arizona even in the absence of a parallel Arizona state action).  Moreover, the case *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966 (9th Cir. 2011), cited by GES in support of its Motion, did not dismiss or stay the action, but *affirmed remand* to state court.  (*See* Plaintiff's Mot., Dkt. 24-1, 9:24-28, 10:1-2).  If the Court elects to relinquish jurisdiction, Freeman respectfully requests it remand this action to the Orange County Superior Court.

### D.     Staying this Action Would Unduly Prejudice Freeman

If the Court elects to stay this action pending the result of the Nevada action, then Freeman's rights as a California employer would be subordinated to Nevada. When considering a motion to stay, district courts examine: (1) potential prejudice to the non-moving party; (2) hardship to the moving party if the action is not stayed; and (3) judicial resources saved by avoiding duplicative litigation.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA 94111
+1 415 576 3000

14

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

Foremost, Freeman will certainly suffer prejudice if GES's Motion to Stay is granted.  As GES points out in it's Motion, the Nevada court already concluded that the "Non-Competition Agreement is governed by Nevada law."  (GES's Mot. Dkt. 24-1, p. 7:21.)  Moreover, GES declined to carve California out of the nationwide scope of the Non-Compete Agreement.  (Jones Decl. ¶3, Ex. A.)  Consequently, staying this case will in practicality yield the same result as dismissing it because there is an extremely high probability that the Nevada court will find that the Non-Compete Agreement is enforceable in California.  Freeman would therefore effectively be required to keep Shores inactive for the remainder of the Nevada litigation.

Moreover, the other factors identified in *Rivers* also support denial of GES's Motion to Stay.  Denying GES's Motion to Stay will cause no legitimate hardship to GES because its Nevada claims can continue to proceed in Nevada.  In addition, there is no danger of duplicative litigation because Freeman is not a party to the Nevada litigation and Freeman's claims all arise under California law.  Given the high probability that Freeman will be prejudiced by the result of the Nevada action, the Court should not grant GES's motion to stay.  If it does, then Freeman will be deprived of its rights as a California employer to hire the personnel of its choice.

**E.    Freeman's Complaint Adequately Pleads a Cause of Action for Intentional Interference with Contractual Relations**

      **1.    Freeman Is Not Obligated to Plead that GES's Conduct Was Independently Wrongful to State a Claim**

Freeman need not allege that GES committed independently wrongful acts to state a claim for intentional interference with contractual relations.   In fact, Freeman's Complaint quotes *Quelimane Co. v. Stewart Title Guaranty Co.* 19 Cal. 4th 26, 55 (1998), in which the California Supreme Court held that, "[I]t is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." (Complaint ¶55.) (emphasis added.)

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

### 2.     Freeman Adequately Alleged that GES's Conduct Was Independently Wrongful

Even assuming *arguendo* Plaintiff's position is correct, which it is not, Freeman's Complaint expressly alleges independently wrongful acts.  In particular, the Complaint alleges that a non-compete agreement by a foreign employer that prevents employees from working in California violates California statute Business & Professions Code § 17200.  (Complaint ¶40.)  The Complaint goes on to allege that GES attempted to enforce Shores' Non-Compete Agreement by threatening him.  (Complaint ¶¶18-20, 23, 28-30, 57.)[3]  GES's claim that this cause of action should be dismissed again fails because there can be no dispute that Freeman has adequately alleged that GES's conduct was independently wrongful as proscribed by a California statute.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003) (finding that such independently wrongful acts must be "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard").

### 3.     Freeman Adequately Pled All Required Elements to State a Claim for Intentional Interference with Contractual Relations

Freeman's Complaint undisputedly pleads all the necessary elements of intentional interference with contractual relations.  *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) (listing the required elements).  First, a valid contract was created when Freeman offered Shores the Senior Business Development Manager position and Shores accepted Freeman's offer on December 19, 2016.  (Complaint ¶48.)  Second, there is no dispute that GES was on notice of the contract between Freeman and Shores, given that GES filed suit to enforce its Non-Compete Agreement.  (Complaint ¶¶28, 49.)  Third, GES's actions were designed to induce a breach of the contract.  (Complaint ¶52.)  Fourth, GES caused a breach or

---

[3] Freeman's claim for intentional interference with contractual relations expressly incorporates paragraphs 1 through 46 of the Complaint.  (Complaint ¶47.)

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

disruption to the contract by making Shores' responsibilities under the contract more costly and burdensome.  (Complaint ¶¶53-54.)  Fifth, Freeman has been damaged as a result of GES's conduct.  (Complaint ¶56.)

### 4. The Nevada Preliminary Injunction Is Not a Final Judgment and Does Not Restrain this Court's Jurisdiction

GES's "Full Faith and Credit" argument has no impact on this litigation. Although *Harrah's Club v. Van Blitter*, 902 F.2d 774, 777 (9th Cir. 1990), states that a final judgment entered by one state is generally afforded "Full Faith and Credit" in sister states, this case is inapplicable for two reasons.

First, *Harrah's* involved a court's final judgment.  *Id.*  By contrast, although the Nevada court entered a preliminary injunction, there has been no final judgment in that case.  GES's intimation that the court's preliminary ruling will become a final judgment is purely speculative.

Second, *Harrah's* involved a determination that a Nevada right—enforcement of a Nevada gambling debt—could not be avoided in California.  Here, Freeman's claims are all centered on enforcement of California rights in California, not any attempt to enforce Nevada rights.  *Harrah's* therefore has no impact on this Court's jurisdiction because it involved enforcement of Nevada rights in California not, as here, enforcement of California rights in California.

For the foregoing reasons, this Court should deny GES's Motion to Dismiss Freeman's claim for intentional interference with contractual relations.  Alternatively, if the Court is inclined to dismiss this claim, Freeman respectfully requests that the Court grant leave to amend so that it can correct any pleading deficiency.

## V. CONCLUSION

GES's Motion to Dismiss obscures the issues before the Court to make this case about a Nevada forum selection clause rather than an unenforceable Non-Compete Agreement that tramples the statutory rights of employers in California.  The Court should not allow this tactic to stand.  Rather, the Court should deny GES's Motion to

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000

17

PLAINTIFF'S OPP TO DEF'S MOTION TO DISMISS COMPLAINT OR STAY THE PROCEEDINGS
CASE NO. 8:17-CV-00364-CJC-JDE

1   Dismiss and retain jurisdiction because Freeman's right to hire the personnel of its

2   choice in California should not be subordinated to Nevada law merely because

3   Shores—not Freeman—signed a Non-Compete Agreement with a Nevada forum

4   selection clause.  Additionally, the Court should not dismiss Freeman's claim for

5   intentional interference with contractual relations because Freeman alleged all

6   required elements of this claim in its Complaint.

7                                   Respectfully submitted,

8   Dated:  April 3, 2017           BAKER & MCKENZIE LLP

9

10                                  By: */s/ Benjamin R. Buchwalter*
                                        Benjamin R. Buchwalter
11                                      Attorneys for Plaintiff
                                        FREEMAN EXPOSITIONS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
Suite 1100
San Francisco, CA  94111
+1 415 576 3000